BOWN & EDDY <i>vs.</i> BEAN.

In an action of ejectment, if the plaintiff shew that the defendant claims under the
same proprietary division, on which the plaintiff relies, it is not necessary for
the plaintiff to shew a legal division ; yet, if the action be brought for a cer-
tain lot, in a certain division, and there be no other description of the land in
the declaration, it is necessary for the plaintiff to shew a division in fact.
A deposition taken in a foreign government, cannot be read in evidence, unless it
be shewn to the Court, that the magistrate before whom the deposition was
taken, was authorised by the laws of such government to take depositions.

THIS was an action of ejectment for lot number 37, in the third
division of lands in Milton, laid to the original right of J. T. one of
the grantees in the charter of Milton.

*A Marsh* for the plaintiffs, having shewn a good title in the plain-
tiffs to the said right of J. T. in the town of Milton, offered in evi-
dence, an office copy of a deed from a third person to the defendant

of the same lot, as laid to the same right; and contended that this *Chittenden,* rendered it unnecessary for the plaintiff to produce any evidence of *January.* a division.

*Bown &* *Eddy* *vs.* *Bean.*

*By the Court.*—It has long been settled, that where the plaintiff and defendant claim the same land under the same proprietary division, the defendant is precluded from disputing the legality of the proprietary proceedings in making the division. This is in perfect analogy to the principle, so well settled, that where the plaintiff and defendant both claim title from the same source, neither can call in question the validity of the title in the person, from whom both parties claim to hold their title. Still in this case, until the plaintiff shew a division in fact, it cannot appear that there is any such lot in Milton, as lot no. 37, in the third division laid to the right of J. T. It is therefore nessary, in this case that a division in fact be shewn.

*Van Ness* for the defendant, then conceded, that the lot in question was laid to the right of J. T. and set up a claim under the statute of limitations.

To prove that the defendant had been in possession of the lot in question more than fifteen years before the commencement of the plaintiff's action, he offered to read the deposition of one D. purporting to have been taken in the British province of New Brunswick, before John Brown Justice of the peace.

*A. Marsh* for the plaintiff, objected to the admission of the deposition. It appears to have been taken, in a foreign government, by a person subscribing as a justice of the peace, but it does not appear, by any evidence offered, that he was in fact a justice of the peace; nor does it appear that the laws of that province, authorizes justices of the peace to take depositions.

*By the Court.*—Both exceptions are fatal. The Court cannot know without proof, who are justices of the peace in a foreign government; it is a matter of fact to be proved to the Court. It is the same as to the laws of a foreign country. But there is something further in this case. From our necessary acquaintance with the laws of Great Britain, of which New Brunswick is a province, we are well assured that no authority is there given to justices of the peace to take depositions. The deposition cannot be admitted.

23                    Verdict for the plaintiff.